UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 4:21-cr-00687-MTS |
| ) | |
| NENO A. WARD, ) | |
| ) | |
| Defendant. ) | |

**MEMORANDUM AND ORDER**

This matter comes before the Court on Defendant Neno A. Ward's filing titled "Motion to Dismiss 922(g)(1)." In the Motion, Defendant seeks to have his criminal conviction vacated, set aside, or corrected based on the Supreme Court's ruling in *N.Y. State Rifle & Pistol Ass'n v. Bruen*, 597 U.S. 1 (2022). The Court will construe the Motion as a Motion to Vacate, Set Aside, or Correct Sentence pursuant to 28 U.S.C. § 2255.[1] The Clerk is directed to open a civil case in this matter. For the following reasons, Movant will be ordered to show cause why his motion should not be dismissed as time-barred.

**I.   Background**

Movant is a self-represented litigant who is currently incarcerated at FCI Petersburg Medium in Hopewell, Virginia. On February 6, 2023, he pled guilty to being a felon in possession of a firearm and possession with intent to distribute fentanyl and cocaine base. *United States v. Ward*, No. 4:21-cr-00687-MTS (E.D. Mo.). On May 9, 2023, the Court sentenced Movant to 70

---

[1] *See Boyce v. United States*, 2024 WL 1014056 (March 8, 2024) (construing "Motion to Dismiss" regarding 18 U.S.C. § 922(g)(1) issue as a motion to vacate or set aside under 28 U.S.C. § 2255).

1

months' imprisonment on each count, to be served concurrently, and three years' supervised release. He did not file an appeal.

On August 23, 2024, movant filed his Motion arguing that his conviction and sentence should be vacated because 18 U.S.C. § 922(g)(1), as applied to him, is an unconstitutional violation of his rights under the Second Amendment. This argument is foreclosed by *United States v. Rahimi*, 602 U.S. 680 (2024), and *United States v. Jackson*, 110 F4.th 1125-26, 1129 (8th Cir. 2024). However, the Court will not reach the issue because it appears that the Motion is untimely.

## II.     Discussion

For the reasons discussed below, the Court has determined that Movant's motion appears untimely. He will therefore be directed to show cause as to why the Court should not deny his motion and dismiss this case.

### A.  Statute of Limitations

Motions brought pursuant to 28 U.S.C. § 2255 are subject to a one-year limitations period. *Peden v. United States*, 914 F.3d 1151, 1152 (8th Cir. 2019). The limitations period runs from the latest of four dates:

> (1) the date on which the judgment of conviction becomes final;
>
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
>
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2255(f). In practice, however, the one-year statute of limitations "usually means that a prisoner must file a motion within one year of the date on which the judgment of conviction becomes final." *Mora-Higuera v. United States*, 914 F.3d 1152, 1154 (8th Cir. 2019).

### 1.  Timeliness Under 28 U.S.C. § 2255(f)(1)

Pursuant to 28 U.S.C. § 2255(f)(1), the one-year limitations period runs from "the date on which the judgment of conviction becomes final." An unappealed criminal judgment becomes final when the time for filing a direct appeal expires. *See Anjulo-Lopez v. United States*, 541 F.3d 814, 816 n.2 (8th Cir. 2008). In a criminal case, a defendant's notice of appeal must be filed in the district court within fourteen days. Fed. R. App. P. 4(b)(1).

In this case, Movant was sentenced on May 9, 2023. From that point, he had fourteen days to file an appeal, which he did not do. The fourteen-day deadline expired on May 23, 2023. On that date, Movant's judgment became final. Under 28 U.S.C. § 2255(f)(1), Movant had one year from May 23, 2023 to timely file his § 2255 motion. That period ended on May 22, 2024. Movant did not file the instant Motion until August 23, 2024, approximately three months past the one-year statute of limitations deadline. Therefore, the motion appears untimely under 28 U.S.C. § 2255(f)(1).

### 2.  Timeliness Under 28 U.S.C. § 2255(f)(3)

Pursuant to 28 U.S.C. § 2255(f)(3), the one-year limitations period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." It appears that movant is attempting to make use of this section, by arguing that his right to relief stems from the United States Supreme Court's decision in *Bruen*, 597 U.S. 1.

Putting aside the applicability of the *Bruen* decision to Movant's case, the Court notes that Movant's Motion would still be untimely under § 2255(f)(3). The *Bruen* case was decided on June 23, 2022. The one-year deadline to file a motion pertaining to *Bruen* would have expired on June 23, 2023. Movant did not file the instant Motion until August 23, 2024, over a year after the one-

year statute of limitations under § 2255(f)(3) expired. Therefore, the Motion appears untimely under 28 U.S.C. § 2255(f)(3).

### 3. Order to Show Cause

As discussed above, it appears that Movant's § 2255 Motion is untimely. The one-year limitations period under § 2255(f)(1) expired approximately three months before Movant filed the instant Motion. Meanwhile, the one-year limitations period under 28 U.S.C. § 2255(f)(3) – which Movant suggests is implicated by the *Bruen* decision – expired over a year before the Motion was filed. It thus appears that the Motion is untimely. Before dismissing a case for untimeliness, however, a court must accord the movant fair notice and an opportunity to present his position. *See Day v. McDonough*, 547 U.S. 198, 210 (2006). As such, Movant will be directed to show cause as to why the Court should not dismiss his Motion as time-barred. Movant will be given twenty-one (21) days from the date of this order in which to submit a written response. Failure to respond will result in the dismissal of this action without further proceedings.

Accordingly,

**IT IS HEREBY ORDERED** that Movant shall file a written show cause response within twenty-one (21) days of the date of this order, stating why his 28 U.S.C. § 2255 motion should not be dismissed as time-barred.

**IT IS FURTHER ORDERED** that if Movant fails to file a written show cause response within twenty-one (21) days of the date of this order, the Court will dismiss this action without further proceedings.

Dated this 21st day of January, 2025.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE

4